# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

GEORGE DFOUNI

Defendant.

**CASE NUMBER 2:18-CR-00028-KSH-1**

## AMENDED JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

**Date of Original Judgment:** 10/11/2018
**Reason for Amendment:** Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

The defendant, GEORGE DFOUNI, was represented by PETER MICHAEL CARTER.

The defendant pleaded guilty to count(s) 1,2 of the INFORMATION on 1/24/2018. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18 USC 1343 | FRAUD BY WIRE | 2007-SEPTEMBER 2015 | 1 |
| 26 USC 7201 | ATTEMPT TO EVADE OR DEFEAT TAX | 4/15/15 | 2 |

As pronounced on October 11, 2018, the defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must pay to the United States a special assessment of $200.00 for count(s) 1,2, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

Signed this 2nd day of November, 2018.

*[signature]*

Katharine S. Hayden
Senior U.S. District Judge

07470

Defendant: GEORGE DFOUNI
Case Number: 2:18-CR-00028-KSH-1

Judgment - Page 2 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 46 months on count 1 and 46 months on count 2, all counts to run concurrently.

The Court makes the following recommendations to the Bureau of Prisons: The defendant shall be designated to FCI Cumberland. Defendant shall be recommended for the Residential Drug and Alcohol Program. Defendant shall surrender to a federal institution at the location on a date and time, set by the Bureau of Prisons, no earlier than January 5, 2019.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment - Page 3 of 8

Defendant: GEORGE DFOUNI
Case Number: 2:18-CR-00028-KSH-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of 2 years on count 1 and 2 years on count 2, all counts to run concurrently.

Within 72 hours of release from custody of the Bureau of Prisons, you must report in person to the Probation Office in the district to which you are released.

While on supervised release, you must not commit another federal, state, or local crime, must refrain from any unlawful use of a controlled substance and must comply with the mandatory and standard conditions that have been adopted by this court as set forth below.

Based on information presented, you are excused from the mandatory drug testing provision, however, you may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

You must cooperate in the collection of DNA as directed by the probation officer

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it is a condition of supervised release that you pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release.

You must comply with the following special conditions:

ALCOHOL TESTING AND TREATMENT

You must refrain from the use of alcohol, and must submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you must submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You must abide by the rules of any program and must remain in treatment until satisfactorily discharged by the Court. You must alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The U.S. Probation Office will supervise your compliance with this condition.

GAMBLING RESTRICTIONS/REGISTRATION ON EXCLUSION LISTS

You must refrain from all gambling activities, legal or otherwise, to include the purchase or receipt of lottery tickets and internet gambling. You must register on the self-exclusion lists maintained by the New Jersey Casino Control Commission and Racetrack Commission within 60 days of the commencement of supervision and remain on these lists for the duration of supervision. The U.S. Probation Office will supervise your compliance with this condition.

FINANCIAL DISCLOSURE

Upon request, you must provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You must cooperate with the U.S. Probation Officer in the investigation of your financial dealings and must provide truthful monthly statements of your income. You must cooperate in the signing of any authorization to release information forms permitting the U.S. Probation Office access to your financial records.

Defendant: GEORGE DFOUNI
Case Number: 2:18-CR-00028-KSH-1

INTERNAL REVENUE SERVICE - COOPERATION

You must fully cooperate with the Internal Revenue Service by filing all delinquent or amended returns within six months of the sentence date and timely file all future returns that come due during the period of supervision. You must properly report all corrected taxable income and claim only allowable expenses on those returns. You must provide all appropriate documentation in support of said returns. Upon request, you must furnish the Internal Revenue Service with information pertaining to all assets and liabilities, and you must fully cooperate by paying all taxes, interest and penalties due, and otherwise comply with the tax laws of the United States.

NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You must not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

Defendant: GEORGE DFOUNI
Case Number: 2:18-CR-00028-KSH-1

Judgment - Page 5 of 8

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have fulltime employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e.. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

Defendant: GEORGE DFOUNI  
Case Number: 2:18-CR-00028-KSH-1

Judgment - Page 6 of 8

## STANDARD CONDITIONS OF SUPERVISION

13) You must follow the instructions of the probation officer related to the conditions of supervision.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed)_____  
                Defendant                                      Date

_____  
U.S. Probation Officer/Designated Witness              Date

Defendant: GEORGE DFOUNI
Case Number: 2:18-CR-00028-KSH-1

Judgment - Page 7 of 8

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution in the amount of $21,664,715.00. The Court will waive the interest requirement in this case. Payments should be made payable to the **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608, for proportionate distribution to the following victims in the following amounts:

SEE ATTACHED REPORT.

The restitution is due immediately and shall be paid in monthly installments of no less than $500.00, to commence 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

2:18-cr-00028 GEORGE DFOUNI (1)                                              1

Restitution of $21,664,715.00 to:

AMSTERDAM HOSPITALITY GROUP          IRS RACS
888 SEVENTH AVENUE                   ATTN: MAIL STOP 6261
NEW YORK, NY 10019                   333 W PERSHING RD
$13,807,034.00                       RESTITUTION
                                     KANSAS CITY, MO 64108-4302
                                     $7,857,681.00

Judgment - Page 8 of 8

Defendant: GEORGE DFOUNI
Case Number: 2:18-CR-00028-KSH-1

## RESTITUTION AND FORFEITURE

### FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

SEE CONSENT JUDGMENT AND ORDER OF FORFEITURE (MONEY JUDGMENT) ATTACHED.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

2014R0832/FJN/DAW/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Katherine S. Hayden |
| v. | : | Crim. No. 18-28 (KSH) |
| GEORGE DFOUNI, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |

On or about January 24, 2018, pursuant to a plea agreement with the United States, defendant George Dfouni pleaded guilty to a two-count Information which charged him with wire fraud, in violation of 18 U.S.C. § 1343 (Count One) and tax evasion, in violation of 26 U.S.C. § 7201 (Count Two). In the plea agreement, the defendant agreed to forfeit to the United States all property, real or personal, he obtained that constitutes or is derived from proceeds traceable to the wire fraud offense charged in Count One, which the defendant agreed was $13,807,034 (the "Money Judgment").

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; consented to the entry of judgment of forfeiture that will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure; acknowledged he understood that the imposition of the Money

  

Judgment is part of the sentence that may be imposed in this case; waived any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment. The defendant further acknowledged that any forfeiture of his assets would not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1. All property, real or personal, that constitutes or is derived from proceeds obtained by the defendant that are traceable to the commission of the wire fraud offense charged in Count One of the Information, to which the defendant has pleaded guilty, is forfeited to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. The defendant having agreed to the imposition of a Money Judgment equal to the value of the proceeds he obtained, which was $13,807,034, the United States is entitled to forfeit proceeds and/or substitute assets in an amount not to exceed $13,807,034. A Money Judgment in the amount of $13,807,034 is hereby entered against the defendant, pursuant to 18 U.S.C. § 981(a)(1)(C), and (b), 28 U.S.C. § 2461(c), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3. All payments on the Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. All payments on the Money Judgment are forfeit to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p). The United States Marshals Service shall deposit such payments in its Seized Assets Deposit Account, and upon clearing of the financial instrument, shall deposit the funds in the Assets Forfeiture Fund, for disposition according to law. The United States shall have clear title to such payments, proceeds, and/or substitute assets up to the amount of the Money Judgment ($13,807,034).

5. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until this the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of substitute assets to satisfy this Money Judgment, or in connection with any petitions filed with regard to substitute assets, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

6. This Order shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

-3-

7. The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $13,807,034.

8. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

Dated: Newark, New Jersey
~~January~~ , 2018
April 5, 2018

HONORABLE KATHERINE S. HAYDEN
United States District Judge

The undersigned hereby consent to the entry and form of this order:

CRAIG CARPENITO
United States Attorney

By: FRANCISCO J. NAVARRO
Assistant United States Attorney

Dated: 4/4/18

PETER CARTER, ESQ.
Attorney for Defendant

Dated: 2/26/18

GEORGE DFOUNI, Defendant

Dated: 2/26/2018

-4-