**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES,<br><br>　　　　*Plaintiff*,<br><br>　v.<br><br>GEORGE DFOUNI,<br><br>　　　　*Defendant*. | Crim. No.: 18-cr-00028 (KSH)<br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

　　Through counsel (D.E. 36), defendant George Dfouni again seeks a fact-finding hearing in connection with the order of restitution entered as part of his sentence for the crimes he pleaded guilty to in January, 2018: wire fraud and tax evasion. In October 2018, this Court sentenced him to a prison term of 46 months, and it appears he began serving his sentence in January 2019. Faced with this renewed request, the Court has carefully reviewed the docket.

　　The Amended Judgment of Conviction dated November 2, 2018 (D.E. 18), reflects that Dfouni was ordered to pay restitution to two victims, his former employer Amsterdam Hospitality Group ("Amsterdam Hospitality") in the amount of $13,807,034.00 and the IRS in the amount of $7,857,681.00 for a total amount of $21,664,715.00. Interest was waived, and the Court ordered that Dfouni pay no less than $500 monthly toward restitution beginning 30 days after his release from custody. Attached to the Amended Judgment is a Consent Judgment and Order of Forfeiture

1

(Money Judgment) dated April 5, 2018 and signed by the government, defense counsel, and Dfouni. It references Dfouni's plea agreement in which he "agreed to forfeit to the United States all property, real or personal, he obtained that constitutes or is derived from proceeds traceable to the wire fraud offense charged in Count One, which the defendant agreed was $13,807,034 (the 'Money Judgment')."

The transcript of his sentencing hearing (D.E. 17) reflects that defense counsel told the Court that Dfouni believed that "the companies that are involved in this case may have settled," which had ramifications for the amounts due in restitution based on the Mandatory Victims' Rights Act ("MVRA"), 18 U.S.C. § 3663A. The government indicated this was the first time the issue had been raised and that any motion the Court was willing to entertain as to whether Amsterdam Hospitality had been made whole or partially whole "will not affect the restitution number because Mr. Dfouni has not paid back any of the money. This is a separate issue. But nonetheless, the government is willing to hear him out." (T62-63.)

And so began a series of litigation events (D.E. 21 – D.E. 34) culminating in this Court's Order of September 12, 2019 (D.E. 35), denying Dfouni's application for a hearing on the terms of and negotiations leading to a settlement Amsterdam Hospitality made with unspecified third parties. By then, Dfouni had been granted access to the documents reflecting the settlement ("settlement agreement") under a strict protective order Magistrate Judge Cathy Waldor entered after she reviewed the settlement agreement in camera. The Court rejected Dfouni's claims in his attorney's submission

(D.E. 33) that he could not determine what or if a restitution offset could be found in the settlement agreement without a hearing on the basis that, according to Dfouni's review of the settlement agreement, it appeared "likely that the victim in this matter was compensated by other parties based on conduct that forms the basis of Mr. Dfouni's criminal conduct."

The Court's Order of September 19th left little to the imagination about how it viewed the merits. According to page 3, the "paucity of facts" Dfouni offered led to the "inevitable" conclusion that the Court as well as the government were expected to bear the burden to establish that he deserves a restitution offset. Because the MVRA does not support such a shift, and because Dfouni offered no authority for "the proposition that the sentencing Court may delve into, explore, and evaluate efforts made by a crime victim to recover from the impact of a defendant's criminal conduct in aid of reducing the defendant's restitution obligation," the Court denied both the requested hearing and any offset "in light of the failure to adduce facts supporting a reduction to [Dfouni's] restitution obligation."

With all this in mind, the Court has reviewed Dfouni's request for reconsideration. Local Civil Rule 7.1(i) governs motions for reconsideration in the District of New Jersey, and is applicable to criminal actions through Local Criminal Rule 1.1.

Reconsideration is an "extraordinary remedy" and is only granted "very sparingly." *Brackett v. Ashcroft*, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (internal

3

citations omitted) (Martini, J.); *United States v. Anderson*, 2016 WL 7385719 (D.N.J. Dec. 8, 2016) (Linares, J.) ("A motion for reconsideration of a district court's previous decision is meant to be an extremely limited procedural vehicle.")  A motion for reconsideration "cannot be used to relitigate old matters[.]"  *See Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 78 (3d Cir. 2011) (internal citations omitted).

To prevail on a reconsideration motion, Local Rule 7.1(i) requires the moving party to "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked."  L. Civ. R. 7.1(i).  And, generally, a court will only grant a motion for reconsideration under these specific scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when it is necessary to correct a clear error of law or manifest injustice.  *See N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999); *United States v. McIntyre*, 2018 WL 385034, at *1 (D.N.J. Jan. 10, 2018) (McNulty, J.); *United States v. Akinola*, 2017 WL 1179149, at *1 (D.N.J. Mar. 27, 2017) (Linares, J.).

A court commits clear error of law "only if the record cannot support the findings that led to the ruling."  *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (Debevoise, J.) (*citing United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008).  Therefore, a party must "do more than allege that portions of the ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that (1) the holdings on which it bases its request were without

support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* (internal citations omitted). "Mere 'disagreement with the Court's decision' does not suffice." *Id. (quoting P. Schoenfeld*, 161 F.Supp. 2d at 353). When the motion for reconsideration involves the need to correct clear error or prevent manifest injustice, the Court usually must have "overlooked some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City*, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008) (Linares, J.) (citing L. Civ. R. 7.1(i)).

This jurisprudence places a heavy burden on Dfouni, one he has not met. As before, the pending application is grounded in speculation and conclusory statements: "*some* manner of payment was made to the victim" and this fact alone should be sufficient "to show that a restitution offset *may* be appropriate." (D.E. 36, p. 2; emphasis added.) "The existence of [an] agreement itself should be sufficient to warrant a hearing." (*Id.*) This pronouncement is without any merit. Dfouni obtained and reviewed the victim's settlement agreement (over strong objection), and looks to the Court to hold a hearing and make findings about what impact, if any, the terms have on his considerable restitution obligation—exactly what prompted his first request for a hearing. He again ducks his burden under the MVRA to prove a restitution offset should be ordered, in the face of specific case law placing the burden on a defendant. *See United States v. Bryant*, 655 F.3d 232, 254 (3d Cir. 2011); *see also United States v. Parsons*, 141 F.3d 386, 393 (1st Cir. 1998); *United States v. Patel*, 2012 WL 2505822 (N.D. Ohio June 28, 2012). Instead, Dfouni argues that "as he is not the party in the best position

5

to explain the agreement, this arguably should shift the burden to another party to explain the agreement. As the agreement is protected, this may require further *[i]n camera* proceedings. In short, the principles of fairness and equity require additional proceedings to determine if an offset is appropriate in this case."

Beyond invoking "principles of fairness and equity," Dfouni is merely relitigating along the same grounds as before. Indeed, his repeated claim that he is unable to figure out the terms of his employer's settlement borders on an admission that after all the sound and fury, the settlement may have nothing to do with Dfouni's ill-gotten gains. The law is very clear: a reconsideration motion requires more than dissatisfaction and speculation and is only sparingly granted. Because Dfouni does not identify clear legal error, demonstrate manifest injustice, or bring to the Court's attention a change in the law or evidence that would bear on its ruling, his motion fails.

Motion denied. An appropriate order will be entered.

|  |  |
|---|---|
| Date: February 28, 2020 | /s/ Katharine S. Hayden<br>Katharine S. Hayden, U.S.D.J |